UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

KAROL MARCIN JAKOWSKI,

    Petitioner,

v.

CHARLES GREEN,

    Respondent.

Civil Action No. 16-9016 (JLL)

OPINION

**LINARES**, District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Petitioner, Karol Marcin Jakowski, filed pursuant to 28 U.S.C. § 2241. (ECF No. 1). Following an order to answer (ECF No. 3), the Government filed a response to the Petition (ECF No. 5), to which Petitioner has replied. (ECF No. 8). For the following reasons, this Court will grant the petition and will grant Petitioner a bond hearing before an immigration judge.

## I. BACKGROUND

Petitioner, Karol Marcin Jakowski, is a native and citizen of Poland who entered this country in June 2005 and ultimately became a lawful permanent resident of the United States in June 2006. (Document 1 attached to ECF No. 5 at 4). In October 2013, however, Petitioner was convicted of manufacturing, distributing, dispensing, or possession with intent to distribute cocaine, for which he received a four year prison sentence. (*Id.*). Based on this conviction, Petitioner was taken into immigration custody and placed in removal proceedings on May 4, 2016. (*Id.* at 2-3). Since that time, Petitioner has remained in immigration detention without a bond hearing pursuant to 8 U.S.C. § 1226(c). (*Id.* at 14).

1

Petitioner first appeared before the immigration courts on or about May 18, 2016, but requested a continuance to obtain counsel. (*Id.* at 11). Petitioner was scheduled to appear again on June 28, but that hearing was continued at the request of Petitioner's immigration counsel. (*Id.*). The next hearing was then scheduled for July 13, but that date was also continued to provide Petitioner with time to file an application for relief from removal, although the immigration judge apparently "sustained" the charge of removability on July 13, 2016. (*Id.*). Although Petitioner was set to appear once again on August 10, 2016, that date was also continued at Petitioner's counsel's request. (*Id.*). At his next appearance on September 14, 2016, Petitioner filed an application for relief from removal and protection from removal. (*Id.* at 12). The immigration judge on that date once again "sustained" the charge of removability, and Petitioner was scheduled for a merits hearing on November 22, 2016. (*Id.*). At the November 22 hearing, Petitioner's immigration counsel requested and was permitted to withdraw his representation of Petitioner, and the merits hearing was rescheduled for February 9, 2017. (*Id.*). After the February hearing was rescheduled due to weather issues, Petitioner's merits hearing was set for March 21, 2017. (*Id.*). It is not clear what, if anything, occurred during the March 21 hearing as neither Petitioner nor the Government have provided that information, but it appears from the record that Petitioner remains detained and has not yet received a final order of removal.

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody"

and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). As Petitioner is currently detained within this Court's jurisdiction, by a custodian within the Court's jurisdiction, and asserts that his continued detention violates due process, this Court has jurisdiction over his claims. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

**B. Analysis**

Because the record indicates that Petitioner is being held based on his past criminal convictions and is not yet subject to a final order of removal, he is currently detained pursuant to 8 U.S.C. § 1226(c). The propriety of Petitioner's continued detention is therefore controlled by the Third Circuit's decisions in under *Diop v. ICE/Homeland Sec.*, 656 F.3d 221, 231-35 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). In *Diop*, the Third Circuit held that § 1226(c) "authorizes detention for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes." 656 F.3d at 231. The determination of whether a given period of detention is reasonable under the circumstances is a fact specific inquiry "requiring an assessment of all of the circumstances of a given case." *Id.* at 234. Under *Diop*, the reasonableness of a given period of detention is thus "a function of whether it is necessary to fulfill the purpose of the statute." *Id.*

Because this reasonableness inquiry is fact specific, Court of Appeals declined to provide a specific length of time beyond which a petitioner's detention would presumptively become unreasonable in *Diop*. *See* 656 F.3d at 234; *see also Carter v. Aviles*, No. 13-3607, 2014 WL

348257, at *3 (D.N.J. Jan. 30, 2014). While the Third Circuit has refused to adopt a bright line rule for determining the reasonableness of continued detention under § 1226(c) in the cases following *Diop*, the Court of Appeals did provide some guidance on that question in *Chavez-Alvarez*. In *Chavez-Alvarez*, the Third Circuit held that, at least where the Government has not shown bad faith on the part of the petitioner, "beginning sometime after the six-month timeframe [upheld by the Supreme Court in *Demore* [*v. Kim*, 538 U.S. 510, 532-33 (2003),] and certainly by the time [the petitioner] had been detained for one year, the burdens to [the petitioner's] liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute." 783 F.3d at 478.

In this case, the Government contends that, while Petitioner has at this point been held for approximately a year without a bond hearing, the facts of this matter are clearly distinguishable from those in *Chavez-Alvarez* and Petitioner is therefore not entitled to relief. In making that argument, the Government specifically argues that Petitioner has been responsible for the vast majority of the delays in his immigration proceedings, and that Petitioner has only one potentially meritorious avenue for relief – a claim under the Convention Against Torture – which requires clearing a high evidentiary threshold. Petitioner counters this argument by suggesting that the need for the many continuances arises out of the need to muster evidence to support his Convention claim, arguing that the high bar the Government argues that he faces supports the conclusion that more time was needed to prepare a bona fide claim under the Convention.

As this Court has explained:

> The question before this Court . . . is whether Petitioner's continued detention is distinguishable from the situation in *Chavez-Alvarez*. In that case, the Third Circuit specifically held that the reasonableness of a given period of detention does not rely solely on how the Government has conducted itself, and observed that the "primary point of reference for justifying [an] alien's confinement must be

4

> whether the civil detention is necessary to achieve the statute's
> goals: ensuring participation in the removal process and protecting
> the community from the danger [the alien] poses." 783 F.3d at 475.
> Thus, detention can become unreasonable even where the
> Government itself acted reasonably and is not responsible for the
> delays in the conclusion of an alien's immigration proceedings. *Id.*
>
> Turning to the question of whether reasonableness hinged on
> the way the Petitioner conducted himself in immigration
> proceedings, the *Chavez-Alvarez* panel did observe that "certain
> cases might be distinguishable [where the alien is] merely gaming
> the system to delay their removal," and that the aliens in such cases
> "should not be rewarded a bond hearing they would not otherwise
> get under the statute." *Id.* at 476. That panel, however, also
> observed that it did "not need to decide whether an alien's delay
> tactics should preclude a bond hearing" where the court did not
> conclude that the alien [acted] in bad faith. *Id.* Determining whether
> an alien has acted in bad faith is not a matter of "counting wins and
> losses," but instead is a fact specific inquiry requiring consideration
> of whether the alien has presented "real issues" in his immigration
> challenge, such as by raising factual disputes, challenging poor legal
> reasoning, raising contested legal theories, or presenting new legal
> issues. *Id.* "Where questions are legitimately raised, the wisdom of
> [the Third Circuit's] ruling in *Leslie* [*v. Att'y Gen. of the United
> States*, 678 F.3d 265, 271 (3d Cir. 2012),] is plainly relevant [and
> the court] cannot 'effectively punish' these aliens for choosing to
> exercise their legal right to challenge the Government's case against
> them by rendering 'the corresponding increase in time of detention
> . . . reasonable.'" *Id.* Thus, the conduct of the parties in a vacuum
> does not per se determine reasonableness, and the Court must weigh
> all available relevant information in determining whether the
> reasonableness "tipping point" has been reached.

*Cerda-Torres v. Green*, No. 16-4194, 2016 WL 7106023, at *2-3 (D.N.J. Dec. 6, 2016).

In this matter, Petitioner has been detained for approximately a year and is apparently not yet subject to a final order of removal. While this Court acknowledges that Petitioner has been responsible for most of the delay in his immigration proceedings and faces a high hurdle in seeking relief from removal, the record also suggests that Petitioner's immigration proceedings have progressed during this period – Petitioner has apparently filed several applications for relief from removal, including a claim under the Convention Against Torture, and has litigated at the very

5

least his removability. Based on the record currently before the Court, it is not clear that Petitioner has acted in bad faith or has delayed his proceedings out of some dilatory motive, and it instead appears that Petitioner has instead sought to exercise his legal right to challenge the Government's case against him. Because this Court does not find that Petitioner acted in bad faith or merely to delay proceedings, this Court finds that Petitioner's case is not meaningfully distinguishable from that presented in *Chavez-Alvarez*. Petitioner's habeas petition will therefore be granted and Petitioner shall be granted a bond hearing before an immigration judge.

## III. CONCLUSION

For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is GRANTED and Petitioner shall be accorded a bond hearing before an immigration judge. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge